[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'SCOUNTERCLAIM
Plaintiff moves to strike defendant's counterclaim on the ground it does not arise out of the transaction which is the subject of plaintiff's complaint.
In this action plaintiff seeks to foreclose a tax lien against defendant Ann-High Associates (hereinafter Ann-High) for unpaid taxes for assessment years 1989, '90 and '91. Ann-High interposed an answer, essentially leaving plaintiff to its proof, and a counterclaim alleging that plaintiff so interfered with Ann-High's use of its property by adopting a zone change and redevelopment plan, by eliminating a highway exit ramp and constructing a bridge, and for allowing three new parking lots that plaintiff's actions so reduced the value of Ann-High's land as to constitute a taking for which Ann-High is entitled to compensation.
A counterclaim is allowed when it "arises out of the transaction which is the subject of the plaintiff's complaint." Practice Book § 116.
Plaintiff's foreclosure of a tax lien is premised on a statute. (C.G.S. § 12-181). Ann-High counterclaim sounds in tort or constitutional law. The two causes of action are distinct and do not involve common issues of law or fact. Consequently, the counterclaim is not properly pleaded and should be stricken. Wallingford v. Glen ValleyAssociates, Inc., 190 Conn. 158, 161 (1983).
It may be noted in passing that Ann-High did not claim that the plaintiff's alleged interference so reduced the value of defendant's land as to make the tax assessment unreasonable. The only way to contest an assessment is by appeal to the board of tax review and to the superior court, pursuant to § 12-53a(d). Ann-High has not pursued CT Page 11511 that route.
This court previously denied plaintiff's motion for summary judgment on the ground the counterclaim raised factual issues. However, it did not pass upon the validity of the counterclaim when deciding that motion for summary judgment. This motion to strike does challenge the counterclaim and the court determines it is not validly pleaded.
Plaintiff's motion to strike defendant's counterclaim is granted.
Robert Satter State Judge Referee
This decision also applies to the following cases:
CV93-0521902 CV93-0521903 CV93-0521904 CV93-0521892 CV93-0521895